IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JANET WALKER, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: CBD-11-2617 |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * |
| Defendant. | * |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Janet Walker ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denies Plaintiff's claims for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 13) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 16). The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

### I. Procedural Background

Plaintiff filed her application for DIB on March 20, 2009, and alleged disability commencing July 1, 2008, as a result of stage-four breast cancer, extreme fatigue, and difficulty

using her left arm. R. 118–23, 163. The Commissioner denied Plaintiff's claim on first review on June 1, 2009 and upon reconsideration on July 23, 2009. R. 47–49, 57–58. Plaintiff appeared and testified at a hearing held on August 3, 2010 before an Administrative Law Judge ("ALJ"). R. 24–44. On August 23, 2010, the ALJ issued a written decision concluding Plaintiff was not entitled to DIB payments. R. 11–24. On September 9, 2010, Plaintiff requested review of the ALJ's decision by the Appeals Council. R. 9. The Appeals Council denied Plaintiff's request on July 26, 2011, making the ALJ's decision final and appealable. R. 1–3

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); s*ee also Russell v. Commissioner of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456; *Schweiker*, 795 F.2d at 345. The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456. If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Court shall find a person legally disabled if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2013). The Code of Federal Regulations outlines a sequential, five-step process that the Commissioner must follow to determine if a plaintiff meets this definition:

Step 1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

Step 2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

Step 3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If she does have such impairment, she is disabled. If she does not, proceed to step four.

Step 4) Determine whether the plaintiff retains the "residual functional capacity" to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv),

     416.920(a)(4)(iv). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

 Step 5) Determine whether the plaintiff can perform other work, considering her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Defendant has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

## III. Analysis

In the ALJ's August 23, 2010 decision, she evaluated Plaintiff's claims using the five-step sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. R. 15. At the second step, the ALJ determined that Plaintiff suffers from the severe impairment of mild anemia. R. 15–16. At the third step, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." R. 16. Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work. R. 17–18. At step four, the ALJ compared the physical and mental demands of Plaintiff's past relevant work as a general office clerk, general ledger/bookkeeper, and tax preparer with her assessed RFC. R. 18–19. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing her past relevant work. R. 18–19. As a result, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act," from the alleged onset date of July 1, 2008 through the date of the decision. R. 19.

4

On appeal, Plaintiff argues that the Court should reverse the Commissioner's decision or remand the case for additional consideration and evaluation of Plaintiff's conditions. Plaintiff alleges the ALJ (1) improperly evaluated her RFC and (2) improperly determined Plaintiff can perform her past-relevant work. For the reasons set forth below, the ALJ's decision is affirmed and Plaintiff's Motion is denied.

A.  **ALJ Properly Assessed Plaintiff's RFC**

Plaintiff maintains that the ALJ erred at step four of the sequential analysis and inaccurately assessed Plaintiff's RFC, by failing to properly perform the required function-by-function assessment in three respects. Pl.'s Mem. 5–6. First, Plaintiff challenges the ALJ's sufficiency of explanation, claiming she did not support her assessment of Plaintiff's RFC with substantial evidence. Second, Plaintiff contends the ALJ did not appropriately evaluate the medical opinion evidence nor properly base her RFC assessment on the medical evidence of record. Third, Plaintiff asserts the ALJ neglected to consider her complaints of fatigue, lack of energy, or difficulties using her left arm. The ALJ did not err on any challenge asserted, and thus did not err in her RFC assessment.

    *1.*    *ALJ Properly Concluded Plaintiff Retains the RFC to Perform the Full Range of Light Work*

Plaintiff argues that the ALJ did not explain how she arrived at the conclusion that Plaintiff was capable of performing a full range of light work, specifically alleging the following: a failure to include a narrative discussion setting forth an explanation of how the evidence supported each conclusion, a failure to discuss Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, a failure to describe the maximum amount of each work-related activity Plaintiff could perform, and a failure to explain

5

how any material inconsistencies or ambiguities in the evidence were considered and resolved. Pl.'s Mem. 5–6.

> i. *ALJ Explained in Narrative Form How the Evidence Supported Each Conclusion*

The claim that the ALJ "failed to provide a narrative discussion setting forth how the evidence supported each conclusion" is without merit. Pl.'s Mem. 5–6. The Social Security Rulings require ALJs to provide a narrative discussion "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The Administrative Procedure Act ("APA"), which applies to all federal administrative agencies, requires ALJs to state their "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A) (2012); *see also Brown ex rel. McCurdy v. Apfel*, 11 F. App'x 58, 59 (4th Cir. 2001) (stating that the Social Security Act and the APA require ALJs to "include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision"). However, "'an RFC assessment is sufficient if it includes a narrative discussion of the [plaintiff's] symptoms and medical source opinions.'" *Bowers v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-1445, 2013 WL 150023, at *2 (D. Md. Jan. 11, 2013).

Contrary to Plaintiff's assertion, the ALJ did include sufficient narrative discussion of the medical and non-medical evidence relied on in reaching her RFC assessment. The ALJ discussed Plaintiff's medical evaluations, treatment notes, laboratory results, work history, treatment history, hearing testimony, and written statements. R. 17–18. The ALJ also noted how the evidence supported her conclusion by citing to specific facts and exhibits in the record. R.

6

17–18.  The reports suggest Plaintiff retains the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  R. 17 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b) (2013)).

       *ii.*  *ALJ Addressed Plaintiff's Ability to Perform Sustained Work Activities on a Regular Basis*

  Plaintiff's claim that the ALJ failed to discuss her "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis" is without merit.  Pl.'s Mem. 6.  The Court must be careful not to intrude on the ALJ's role as the fact finder who weighs all of the evidence and evaluates the plaintiff's allegations.  The Court should not hamper the ALJ's consideration of the individual pieces of evidence, even if taken in isolation they would be insufficient to support the ALJ's conclusion.  *See, e.g.*, *Valley v. Astrue*, No. 3:11-CV-260-HEH, 2012 WL 3257861, at *15 (E.D. Va. June 22, 2012) (finding that a plaintiff's ability to perform simple household chores, drive, and take care of her grandchildren, when combined with positive response to medication and ability to ambulate, were sufficient to discount her claim of disability).

  No treating source submitted a medical opinion regarding Plaintiff's ability to work.  In the ALJ's narrative discussion, however, she notes that Plaintiff testified to her ability to regularly perform a wide range of daily living activities, despite her allegations of disabling fatigue.  R. 17 (citing R. 30–33).  These activities include driving to the grocery store, cooking, washing dishes, ironing, sweeping, mopping, vacuuming, doing laundry, reading, sewing, talking on the phone, and gardening.  R. 17 (citing R. 30–33).  The ALJ also discusses findings that Plaintiff has been responding positively to medical treatment and that her concentration is "well within the normal range of functioning."  R. 16, 18 (citing R. 199–200, 256–257, 307–09).  The ALJ clearly addresses Plaintiff's ability to perform sustained work activities.  It is not for the Court to re-weigh the evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)

(emphasizing that an ALJ's credibility findings are entitled to substantial deference and that the Court should not re-weigh conflicting evidence), *superseded by statute on other grounds*, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2013); *Shively v. Heckler*, 739 F.2d at 989.

### iii. ALJ's RFC Determination Describes Plaintiff's Maximum Remaining Ability to Perform Sustained Work

The claim that the ALJ did not describe her maximum remaining ability to perform sustained work is meritless. Pl.'s Mem. 6. "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. The purpose of the ALJ's RFC assessment and her narrative description is to describe the most a plaintiff can still do despite physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a) (2013). Thus, when the ALJ determines Plaintiff's RFC she is doing so in terms of her maximum remaining ability to perform sustained work. *See* SSR 96-8p, 1996 WL 374184, at *2 ("RFC is the individual's maximum remaining ability to do sustained work activities . . .").

The ALJ determined Plaintiff has the RFC "to perform the full range of light work" as defined in 20 C.F.R. 404.1567(b). R. 17 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). The regulations define "light work" as work that

> [I]nvolves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b) (2013).  In making this finding, the ALJ considered all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, including opinion evidence.  R. 17 (citing 20 C.F.R. §§ 404.1529, 416.929 (2013); SSR 96-4p, 1996 WL 374187 (July 2, 1996); SSR 96-7p, 1996 WL 374186 (July 2, 1996); 20 C.F.R. §§ 404.1527, 416.927; SSR 96-2p, 1996 WL 374188 (July 2, 1996); SSR 96-5p, 1996 WL 374183 (July 2, 1996); SSR 96-6p, 1996 WL 374180 (July 2, 1996); SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006)).

> iv. *ALJ Explained How Material Inconsistencies or Ambiguities Were Considered and Resolved*

Plaintiff's claim that the ALJ failed to explain how she considered and resolved "any material inconsistencies or ambiguities in the evidence" is meritless.  Pl.'s Mem. 6.  The Social Security Rulings require ALJs to consider and address medical source opinions in their RFC assessment and to explain why any opinion conflicting with their RFC assessment was not adopted.  SSR 96-8p, 1996 WL 374184, at *7.  ALJs are obligated to both identify specific evidence from the medical opinions that they find inconsistent with the medical evidence as a whole, and also to explain "the reasons for [their] findings, including the reason for rejecting relevant evidence in support of the claim."  *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980) (citing *Arnold v. Sec'y of Health, Ed. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)).

The ALJ specifically noted the weight she attributed to various opinions and explained how she incorporated each into her analysis.  For example, the ALJ observed that the medical evidence showed Plaintiff's complaints of fatigue had resulted in a diagnosis of anemia, which the ALJ concluded was a severe impairment, but which Plaintiff's treating physicians did not believe warranted medical intervention.  R. 18, 309.  The ALJ specified that in reaching her decision she gave "limited weight to the opinions of the State agency medical consultants that

9

the [plaintiff] has no severe physical impairment." R. 18. The ALJ also noted that, despite complaints of fatigue and malaise, Plaintiff's treating physicians found that she was "doing well and that she had no new complaints." R. 18. In fact, Plaintiff's treating physicians consistently stated in their reports that Plaintiff was "well-appearing," "well-maintained," "well-developed," "well-nourished," and "in no distress." R. 199–200, 307–09. Plaintiff herself testified, as the ALJ described, that Plaintiff's treating physicians encouraged both cardiovascular and weight-bearing exercise. R. 18, 32–33. Furthermore, in making her determination that Plaintiff's mental impairment is nonsevere, the ALJ stated that she gave "great weight to the findings of the State agency psychological consultant because they are consistent with the evidence of record." R. 16 (citing R. 289–302). On the whole, the ALJ properly concluded that Plaintiff's impairments do not preclude past relevant work, properly detailed her analysis, and did not err in reaching her conclusion.

### 2. *ALJ Properly Evaluated the Medical Evidence and Properly Based Her RFC Assessment on the Medical Evidence of Record*

Plaintiff contends the ALJ "failed to properly evaluate pertinent evidence," taking particular issue with her treatment of Dr. Sara Phillips's consultative examination ("CE") on May 13, 2009. Pl.'s Mem. 6. Plaintiff remarks that Dr. Phillips reported her memory scores to be in the borderline range, and that the ALJ neither explained how she factored these scores into her RFC nor considered the impact of these scores on Plaintiff's ability to perform past relevant work. Pl.'s Mem. 6; R. 246, 248.

The Fourth Circuit requires "explicit indications as to the weight given to all the evidence." *Sanderlin v. Barnhart*, 119 F. App'x 527, 528 (4th Cir. 2005) (citing *Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir.1984)). In certain circumstances, a medical opinion regarding a plaintiff's ability to work may be accorded controlling weight. *See* 20 C.F.R. §§

404.1527(c), 416.927(c). This is especially true where the medical opinion is a treating source and is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Craig v. Chater*, 76 F.3d at 590 (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)); *see also Hunter v. Sullivan*, 993 F.2d at 35 (stating a court may, but need not, "accord greater weight to the testimony of a treating physician"). However, if a medical opinion is inconsistent with the extent of treatment or the findings set forth in the medical notes, or if it is unsupported by the clinical evidence in the record, the ALJ should accord that opinion "significantly less weight." *Craig v. Chater*, 76 F.3d at 590.

  The ALJ evaluated Dr. Phillips's report during her analysis of Plaintiff's medically determinable mental impairment of adjustment disorder with anxious mood. R. 15–16. As part of this analysis, the ALJ rated the degree of Plaintiff's limitation in activities of daily living, social functioning, concentration, pace, and persistence based on the extent to which the impairment interfered with Plaintiff's ability to function independently, appropriately, and effectively on a sustained basis. R. 15–16; *see also* 20 C.F.R. § 404.1520a(c), 416.920a(c) (2013). The ALJ considered the fact that Dr. Phillips evaluated some of Plaintiff's memory scores to "fall primarily in the borderline range," but also considered that Dr. Phillips assessed Plaintiff's working memory to "fall within the average range." R. 16 (citing R. 4–5). The ALJ noted that, despite finding borderline scores in certain areas, Dr. Phillips generally found Plaintiff to be functioning well and assigned her a Global Assessment of Functioning ("GAF") score of 65 that reflected this assessment. R. 16 (citing R. 248); *see also Johnson v. Astrue*, No. TMD-10-947, 2011 WL 5149574, at *2 (D. Md. Oct. 27, 2011) (noting that a GAF between 61 and 70 indicates that a plaintiff generally functions normally). Dr. Phillips also pronounced that Plaintiff would be capable of managing any benefits she received on her own. R. 248. The ALJ

11

gave "great weight" to the opinions of both State agency psychological consultants "because they are consistent with the evidence of record." R. 16. Each State agency psychological consultant reviewed Dr. Phillips's report, and concluded that Plaintiff had no more than mild difficulties in maintaining concentration and that her mental impairments were not severe. R. 264–76, 289–301.

The ALJ also considered the effect of Plaintiff's memory and concentration limitations when assessing her RFC, noting that Plaintiff testified to having stopped work in June 2008 due to an "inability to remember and concentrate." R. 17 (citing R. 163); s*ee also* 20 C.F.R. § 404.1545(a)(2), 416.945(a)(2) (ALJ will consider effect of non-severe impairments when assessing RFC). However, the ALJ concluded that any mental limitations had no significant impact on Plaintiff's ability to work. R. 15–17. The ALJ, therefore, did not err in her evaluation of Plaintiff's memory scores as indicating a non-severe mental impairment and representing a mild limitation or by declining to include particularized restrictions in her RFC assessment. R. 15–16 (citing 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1)); s*ee also Long v. Comm'r of Soc. Sec.*, No. SAG-12-2407, 2013 WL 2338824, at *2 (D. Md. May 28, 2013) (noting that "[t]he general categorization of limitations as 'mild,' 'moderate,' or 'marked' does not translate precisely into any particular RFC restrictions in a given case").

### 3. *ALJ Properly Evaluated Plaintiff's Allegations of Fatigue, Lack of Energy, and Difficulties Using Her Left Arm*

Plaintiff contends the ALJ failed to evaluate or access any limitations related to her fatigue, lack of energy, or difficulties using her left arm. Pl.'s Mem. 6–7. Plaintiff argues that, despite regular complaint and without explanation, the ALJ neglected to assess a limitation that considers these symptoms. Pl. Mem. 6. Quite the opposite, the ALJ explained in detail why she determined Plaintiff's alleged fatigue-related symptoms did not warrant work-related restriction

12

and considered Plaintiff's allegations regarding difficulties using her left arm. R. 17–18. Plaintiff's argument relies only on her subjective complaints for support.

The Fourth Circuit has explained that "administrative verbosity" is not required and that ALJs need merely conduct analysis and provide explanation that allows a reviewing Court to understand the conclusions they reached and why they reached them. *See Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999). For purposes of determining under the Social Security Act if fatigue has disabled a plaintiff, claims of disabling fatigue may not be rejected solely because objective evidence does not substantiate Plaintiff's statements as to severity and persistence. *Craig v. Chater*, 76 F.3d at 595 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). Nonetheless, a plaintiff's statements need not be accepted to the extent that they are inconsistent with available evidence, including objective evidence of underlying impairment. *Id.*

The ALJ noted Plaintiff's complaints of fatigue and lack of energy, but was under no obligation to include the symptoms in her RFC assessment because no objective evidence existed to support the allegations. In her discussion, however, the ALJ did expressly consider the question of whether Plaintiff had demonstrated by objective medical evidence an impairment capable of causing the degree and type of fatigue she alleged, and details Plaintiff's contraindications as specified by her medical records, treatment notes, and testimony. R. 17–18. First, the ALJ noted that, despite allegations of disabling fatigue, Plaintiff "testified that she regularly drives to the grocery store and that she does all of the chores around the house such as cooking, washing dishes, ironing, sweeping, mopping, vacuuming, and doing the laundry." R. 17 (citing R. 30–32); *see also* R. 251 (Plaintiff reported to Dr. Phillips that her activities of daily living included doing household chores, being able to drive, regularly caring for her personal

needs, doing all the grocery and clothing shopping, cooking food in the microwave, reading, and sewing). The ALJ detailed that, despite complaints of fatigue and lack of energy, Plaintiff's treating physicians found that she was "doing well and that she had no new complaints." R. 18. Plaintiff's treating physicians consistently stated in their reports that Plaintiff was "well-appearing," "well-maintained," "well-developed," "well-nourished," and "in no distress." R. 199–200, 307–09. Plaintiff's treating physicians, as the ALJ described and Plaintiff herself noted, even went so far as to encourage both cardiovascular and weight-bearing exercise. R. 18, 32–33.

The ALJ's discussion and analysis are sufficient to demonstrate that she considered all Plaintiff's impairments, including difficulties using her left arm, and Plaintiff provides no evidence beyond her own subjective assessment to support her argument to the contrary. Plaintiff testified that she was "limited on her left arm, because of the lymph nodes being removed." R. 32, 163. The ALJ, however, expressly considered and determined that Plaintiff had not demonstrated by objective medical evidence "any functional impairments related to her status post removal of the lesion" from her left shoulder. R. 15. No medical source noted this limitation during any examination and, in fact, explicitly reported the opposite—that the results of all physical examinations were routinely normal, that Plaintiff's extremities were explicitly noted to be without abnormalities, and that Plaintiff never reported difficulties using her left arm during her visits to treating sources. *See* R. 199–222, 285–87, 307–16, 318–19. Though a more thorough analysis may be required in some cases, Plaintiff fails to demonstrate how any additional discussion could have produced a different result. Plaintiff does not point to any medical evidence that could demonstrate that the ALJ's analysis was not supported by substantial evidence. Thus, it appears that the ALJ did not err, and if she did, the error was

harmless. *See Thornsberry v. Astrue*, No. 4:08-4075-HMH-TER, 2010 WL 146483, at *5 (D.S.C. Jan.12, 2010) (finding that "while the ALJ could have been more explicit" in his discussion of the combined effect of the plaintiff's multiple impairments, his overall findings adequately evaluated the plaintiff's impairments, and thus any error in failing to use explicit language was "harmless"); *Robinson v. Astrue*, No. 2:10-185-DCN, 2011 WL 4368396, at *6 (D.S.C. Sept.19, 2011); *Williams v. Astrue*, No. 4:10-CV-2966-TER, 2012 WL 694038, at *5 (D.S.C. Mar. 5, 2012).

### B. ALJ Properly Determined Plaintiff Can Perform Her Past-Relevant Work

Plaintiff asserts that the ALJ erred at step four of the sequential analysis by erroneously determining that "Plaintiff was capable of performing her past-relevant work." Pl.'s Mem. 8–9. First, Plaintiff contests the ALJ's failed to perform the proper three-step analysis set forth in the Social Security Rulings for determining Plaintiff was capable of performing her past-relevant work. Second, Plaintiff contends the ALJ neither provided analysis nor indicated what evidence she used to conclude Plaintiff was capable of performing her past-relevant work. The ALJ did not err on either challenge, and thus did not err in her RFC assessment.

#### 1. *ALJ Used the Proper Analysis for Determining Plaintiff Can Perform Her Past-Relevant Work*

Plaintiff argues that the ALJ failed to make any specific factual findings regarding the physical and mental demands of her past relevant work as a general office clerk, general ledger/bookkeeper, and tax preparer. Pl.'s Mem. 8. The Court, however, finds that the ALJ's analysis was adequate and complied with all relevant rulings and regulations. At step four of the sequential analysis, the ALJ determines whether the plaintiff retains the RFC to meet the mental and physical demands of any past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2013). The ALJ's decision requires the following three-step analysis:

Step 1)  A finding of fact as to the individual's residual functional capacity;

Step 2)  A finding of fact as to the physical and mental demands of the past job/occupation; and

Step 3)  A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4 (1982). If a plaintiff can perform her prior work as generally performed in the national economy or as actually performed by her, then the ALJ will conclude that she is not disabled. *See id.*; *see also* 20 C.F.R. §§ 404.1520(f), 416.920(f); SRR 82-61, 1982 WL 31387, at *2 (1982).

The ALJ's opinion contains findings on each mandate of the Social Security Ruling. First, the ALJ found that Plaintiff has the RFC to perform the full range of light work. Second, the ALJ found—based on Plaintiff's own testimony, that of the VE, and each occupation's *Dictionary of Occupational Titles* ("DOT") description and requirements—that Plaintiff's past relevant work as a general office clerk, general ledger/bookkeeper, and tax preparer were "light or sedentary jobs." R. 18–19, 37–38; *see also* U.S. Dep't of Labor, 210.382-046 General-Ledger Bookkeeper, DOT, 1991 WL 671825 (4th ed. 1991); U.S. Dep't of Labor, 219.362-010 Administrative Clerk, DOT, 1991 WL 671953 (4th ed. 1991); U.S. Dep't of Labor, 219.362-070 Tax Preparer, DOT, 1991 WL 671965 (4th ed. 1991). Finally, the ALJ found, consistent with the VE's testimony, that Plaintiff's RFC enabled her to perform her prior work "as they are generally performed in the national economy." R. 18–19. The ALJ properly relied on the VE's testimony regarding the physical and mental demands of Plaintiff's past relevant work. *See* SSR 82-62, 1982 WL 31386, at *3; *see also Pass v. Chater*, 65 F.3d at 1207; *Crawley v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-2427, 2013 WL 93202, at *3 (D. Md. Jan. 7, 2013). And the ALJ properly submitted sufficient conclusions to meet the requirements of SSR 82–62. *See Taylor v.*

*Astrue*, CIV.A. BPG-11-0032, 2012 WL 294532, at * 9(D. Md. Jan. 31, 2012); *Brown v. Astrue*, Civil Action No. TMD 09–1358, 2011 WL 3047635 at *4 (D.Md. July 22 2011).

> 2. *ALJ Properly Evaluated All Plaintiff's Limitations in Determining Plaintiff Can Perform Her Past-Relevant Work*

Plaintiff contends, contrary to the ALJ's findings, that she "suffers from significant fatigue and lack of energy, has memory functions mostly within the borderline range, and has limitations using her left non-dominant arm." Pl.'s Mem. 8–9. Plaintiff then alleges that, based on these assertions, the ALJ neglected to provide sufficient analysis and neglected to indicate what evidence she used to conclude a person with these limitations would be capable of performing Plaintiff's past-relevant work. Pl.'s Mem. 8–9. The ALJ, however, did provide a thorough explanation and analysis of her determinations, which included Plaintiff's testimony, the VE's testimony, and DOT definitions.

At step four of the sequential analysis, the ALJ determines whether the plaintiff retains the RFC to meet the mental and physical demands of any past relevant work. 20 C.F.R. §§ 404.1560(b), 416.960(b) (2011). The regulations allow the ALJ to "use the services of vocational experts or vocational specialists, or other resources, such as the [DOT] and its companion volumes and supplements, published by the Department of Labor" when making this determination. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). A plaintiff will be found not disabled if she can meet the demands of the past relevant work as it was actually performed by the plaintiff or as it exists in the natural economy. *Id.*; SSR 82-62, 1982 WL 31386, at *3. A VE may offer relevant evidence regarding the demands of the past work as it was actually performed, and both the ALJ and VE may rely on the plaintiff's testimony and other documentation describing the prior jobs. *Id.*; *see also Pass v. Chater*, 65 F.3d at 1207; *Crawley v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-2427, 2013 WL 93202, at *3.

17

The ALJ solicited testimony from the VE regarding the demands of Plaintiff's past work R. 37–38. The VE noted that Plaintiff's past relevant work coordinated well with the positions of a general ledger accountant, general office clerk, and tax preparer listed in the DOT, and classified Plaintiff's past work as being either sedentary or light and semiskilled or skilled. R. 38. The ALJ then asked the VE whether an individual with Plaintiff's age and education, who was able to perform the full range of light work, could perform Plaintiff's past work. R. 38. The VE testified in the affirmative, categorizing Plaintiff's prior work within the light exertional or sedentary levels. *Id.* The ALJ thus concluded, based on the VE's uncontested testimony, that Plaintiff retained the RFC to perform her past relevant work, as generally performed in the national economy, and was not disabled. R. 18–19; *see also Moser v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-3450, slip op. at *3 (D. Md. June 11, 2013) (upholding ALJ's step four determination where RFC for light work was supported by substantial evidence and plaintiff did not object to ALJ's classification of past relevant work as light).

## IV. Conclusion

Based on the foregoing, Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

January 24, 2013                                            /s/
                                                   Charles B. Day
                                                   United States Magistrate Judge

CBD/slr